IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JAIME WILLIAM SITES,**

      Petitioner,

v.                                **Civil Action No. 5:21-cv-184**
                                            Judge Bailey

**WARDEN, FCI HAZELTON,**

      Respondent.

## REPORT AND RECOMMENDATION

The petitioner is a federal inmate, currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. The petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on October 25, 2021, alleging that he is being denied jail credit, The documents available to the undersigned reflect that the petitioner was sentenced to 180 months incarceration by Judge Kleeh on January 27, 2020 in Criminal Case Number 2:19-cr-10. In addition, the petitioner was sentenced in the Circuit Court of Pendleton County on September 10, 2020 following his plea of guilty to each of the three counts of the indictment in Case No. CC-36-2019-F-3. His sentences in state court were ordered to run concurrently with each other and concurrently to his federal sentence. The state sentencing Order concluded with a recommendation that the petitioner be returned to the custody of the Federal authorities. [Doc 1-1]. However, it appears that the petitioner was not discharged from state custody until July 12, 2021. [Doc. 1-3]. Furthermore, his Federal Judgment was not returned executed until July 21, 2021. See Criminal Case No. 2:19-cr-10 at page 2 of Document 60.

For relief, the petitioner is asking the Court to award him credit against his federal

sentence for "the whole 31 months in state." [Doc. 1 at 8]. The petitioner indicates that he did not file grievances regarding his sentence calculation because "this matter can only be corrected and or amended by the court." [Id.].

## I. Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the

efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. In addition, he does not argue that doing so would be futile. Instead, he merely alleges that only the Court can correct the situation.

Exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) (the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims. By requiring the petitioner to attempt resolution of his claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

## II. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: February 15, 2022

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE